Filed 10/31/13  Water Replenishment Dist. So. Cal. v. City of Bellflower CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WATER REPLENISHMENT DISTRICT OF SOUTHERN CALIFORNIA, | B242077 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC060499) |
| v. | |
| CITY OF BELLFLOWER, | |
| Defendant and Respondent. | |

_____

APPEAL from an order of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Reversed with directions.

Alston & Bird, Edward J. Casey, Neal P. Maguire and Lee J. Rosenberg for Plaintiff and Appellant.

Aleshire & Wynder, Patricia J. Quilizapa and Brandon Dominic Ward for Defendant and Respondent.

_____

A trial court in a related action made an interim order that the provisions of article XIII D of the California Constitution invalidated a replenishment assessment (assessment) imposed on the City of Cerritos, City of Downey, and City of Signal Hill by the Water Replenishment District of Southern California (District), and thus the cities were "entitled to mandamus relief commanding the [District] to vacate the [assessment] imposed by [the District] over the past four years." (*City of Cerritos et al. v. Water Replenishment District of Southern California* (Super. Ct. L.A. County, No. BS128136) (Proposition 218 Lawsuit).) Proposition 218, known as the Right to Vote on Taxes Act, was approved by the California voters at the November 5, 1996 General Election, amending the Constitution by adding article XIII D. (See Ballot Pamph., Gen. Elec. (Nov. 5, 1996) text of Prop. 218, p. 108 et seq.) Subsequent to the interim order in the Proposition 218 Lawsuit, the City of Bellflower stopped paying the assessment but continued to produce groundwater. This interim order is not before us for review in this appeal.

We are asked in this appeal to determine whether the trial court erred in denying the District's application for a preliminary injunction to enjoin the City of Bellflower from producing groundwater unless it pays the delinquent assessment. The District urges that pursuant to Water Code section 60339 the City of Bellflower should be so enjoined because the "pay first, litigate later" doctrine enshrined in section 32 of article XIII of the California Constitution requires the City of Bellflower to pay the assessment until the City of Cerritos, City of Downey, and City of Signal Hill receive a final judgment on the Proposition 218 Lawsuit.[1] We agree and conclude that the trial court erred in denying the District's application for a preliminary injunction because section 60339 authorizes the trial court to grant an injunction against an operator of a water-producing facility from producing groundwater if it is delinquent in the payment of an assessment, and under the doctrine of "pay first, litigate later," the City of Bellflower must pay the assessment until there is a final judgment in its Proposition 218 Lawsuit. We reverse the order of the trial

---

[1] Undesignated statutory references are to the Water Code.

court denying the District's application for a preliminary injunction and direct the court to enjoin the City of Bellflower from producing groundwater during the pendency of the Proposition 218 Lawsuit unless it pays the delinquent assessment.

## BACKGROUND

The background to this matter is set forth in detail in *Water Replenishment District of Southern California v. City of Cerritos* (Oct. 30, 2013, B242080) \_\_\_Cal.App.4th \_\_\_ [pp. 3–12]. All references in the background to "the City" are to the City of Cerritos.

## DISCUSSION

**The trial court erred in denying the District's application for a preliminary injunction**

*A. Section 60339 authorizes the trial court to grant an injunction against a producer from producing groundwater if it is delinquent in the payment of an assessment*

The District urges that pursuant to section 60339, the City of Bellflower should be enjoined during the trial court proceedings from pumping groundwater unless it pays the delinquent assessment. We agree because, as we explained in *Water Replenishment District of Southern California v. City of Cerritos* (Oct. 30, 2013, B242080) \_\_\_Cal.App.4th \_\_\_ [pp. 13–16], section 60339 authorizes the trial court to grant an injunction against a producer from producing groundwater if it is delinquent in the payment of an assessment.

*B. Under the doctrine of "pay first, litigate later," the City of Bellflower must pay the assessment or cease producing groundwater until there is a final judgment in the Proposition 218 Lawsuit*

The District contends that the "pay first, litigate later" doctrine enshrined in section 32 of article XIII of the California Constitution requires the City of Bellflower to pay the assessment until the City of Cerritos, City of Downey, and City of Signal Hill receive a final judgment in the Proposition 218 Lawsuit. We agree as we explained in *Water Replenishment District of Southern California v. City of Cerritos* (Oct. 30, 2013, B242080) \_\_\_Cal.App.4th \_\_\_ [pp. 16–23]. As noted in that opinion, Judge Chalfant's

3

April 2011 Order that Proposition 218 applies to the assessment is not before us in this appeal.

## DISPOSITION

The order denying the Water Replenishment District of Southern California's application for a preliminary injunction is reversed with directions to the trial court to issue an order enjoining the City of Bellflower from producing groundwater during the pendency of the Proposition 218 Lawsuit (*City of Cerritos et al. v. Water Replenishment District of Southern California* (Super. Ct. L.A. County, No. BS128136)) unless it pays the assessment.  The City of Bellflower is not required to pay accrued interest on any delinquent assessment.  The Water Replenishment District of Southern California is entitled to costs on appeal.

NOT TO BE PUBLISHED.


MALLANO, P. J.

We concur:


CHANEY, J.


JOHNSON, J.

4